a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JAVIER SANCHEZ-PEREZ,<br>Petitioner | CIVIL ACTION NO. 1:18-CV-919-P |
| VERSUS | JUDGE DRELL |
| CHRIS MCCONNELL,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Javier Sanchez-Perez ("Sanchez-Perez") (#82304-379). Sanchez-Perez is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Institution in Pollock, Louisiana. Sanchez-Perez challenges the legality of his sentence.

Because Sanchez-Perez cannot meet the requirements of the savings clause of 28 U.S.C. § 2255(e), his petition under § 2241 should be dismissed for lack of jurisdiction.

I. Background

Following a guilty plea, Sanchez-Perez was convicted of illegal reentry after deportation in violation of 8 U.S.C. § 1326(a) and (b)(1)(2). (4:15-cr-0029, N.D. Tex., Doc. 36). Sanchez-Perez was sentenced to a total term of 110 months of imprisonment, which was above the United States Sentencing Guidelines ("USSG"). (6:14-cr-155, Doc. 50). Specifically, Sanchez-Perez states that he was given a level

increase under the guidelines for a prior offense of possession of a firearm, which is considered to be a crime of violence under the USSG 4B1.2(a). (Doc. 1-2, p. 2).

Sanchez-Perez appealed on the grounds that his sentence was substantively unreasonable. United States v. Sanchez-Perez, 648 F. App'x 445, 446 (5th Cir. 2016), cert. denied, 137 S. Ct. 254 (2016). The United States Court of Appeals for the Fifth Circuit found that the district court did not abuse its discretion in determining that an upward variance was appropriate. Id.

Sanchez-Perez did not file a motion to vacate under 28 U.S.C. § 2255.

## II. Law and Analysis

### A. Sanchez-Perez cannot meet the requirements of the savings clause.

Sanchez-Perez seeks to proceed under the savings clause of § 2255(e), which provides a limited exception to the rule that a § 2241 petition may not be used to challenge the validity of a federal sentence and conviction. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). The savings clause allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The burden of affirmatively proving that the § 2255 remedy is inadequate rests with the petitioner. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

To state a claim under the savings clause, a petitioner must show that the claim is based on a retroactively applicable Supreme Court decision that establishes the petitioner may have been convicted of a nonexistent offense, and the claim was foreclosed by circuit law at the time it should have been raised in the petitioner's

trial, appeal, or first § 2255 motion. Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).

In Johnson v. United States, 135 S. Ct. 2551 (2015), the Supreme Court invalidated the residual clause of the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B)(ii), which defined a "violent felony" as one involving "conduct that presents a serious potential risk of physical injury to another." Johnson, 135 S. Ct. at 2563.

Sanchez-Perez claims that Johnson was expanded by Sessions v. Dimaya, 138 S. Ct. 1204 (2018), and entitles Sanchez-Perez to relief. In Dimaya, the Supreme Court held that the definition of "crime of violence" in 18 U.S.C. § 16(b), as incorporated in the Immigration and Nationality Act, is unconstitutionally vague. See Dimaya, 138 S. Ct. at 1210. Sanchez-Perez concludes that, because the use of force clause in § 16(a) is almost identical to the use of force provisions in USSG § 4B1.2, the sentencing guideline is also vague, and his sentence is invalid.

The Supreme Court has already determined that the Sentencing Guidelines are not subject to vagueness challenges, which would foreclose any Johnson or Dimaya—based claim regarding a sentencing enhancement. See Beckles v. United States, 137 S. Ct. 886 (2017). The Fifth Circuit has determined that the holding in Beckles is not abrogated by Court's recent decision in Dimaya. United States v. Godoy, 890 F.3d 531 (5th Cir. 2018); United States v. Velasquez-Rios, 731 F. App'x 358, 359 (5th Cir. 2018) (challenge to the sentencing enhancement for having been deported after having committed an aggravated felony is foreclosed by Godoy, 890

F.3d at 541–42)). Therefore, Sanchez-Perez cannot show that he was convicted of a non-existent offense as required by the savings clause.

Moreover, Sanchez-Perez cannot show that § 2255 is inadequate or ineffective to challenge his conviction because, under § 2255(f)(3), a motion to vacate must be filed within one year from the latest of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). If Dimaya, which was decided on April 17, 2018, actually recognized a new right applicable to Sanchez-Perez, he would still have time within which to file a § 2255 motion.

### III. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Sanchez-Perez's § 2241 petition be **DISMISSED without prejudice** for lack of jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

5

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __17th__ day of August, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge